Jason C. Ross (State Bar No. 252635)
jross@wshblaw.com
Claudia Kozlowska (State Bar No. 334487)
ckozlowska@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
501 West Broadway, Suite 1200
San Diego, California 92101
Phone: 619-849-4900 ♦ Fax: 619-849-4950

Attorneys for Defendant Wal-Mart Associates, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESSA JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation, and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT (28 U.S.C. §§ 1332(a), 1441); EXHIBITS; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: September 09, 2022<br><br>Superior Court Case No.: 22STCV29319 |

**TO THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that based on the following allegations, Defendant WAL-MART ASSOCIATES, INC. (hereinafter "Defendant" or "Walmart") hereby removes the above-referenced action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

for the Central District of California, pursuant to 28 U.S.C §§ 1332 and 1441 (based on diversity of citizenship jurisdiction).

## I.    STATEMENT OF THE CASE

1.    On or around September 9, 2022, Plaintiff VANESSA JOHNSON ("Plaintiff") apparently filed a lawsuit in the Superior Court of the State of California, County of Los Angeles, entitled *Johnson v. Wal-Mart Associates, Inc.*, Case No. 22STCV29319.

2.    On or about September 12, 2022, Plaintiff served Defendant Wal-Mart Associates, Inc. ("Walmart") with the Complaint and the Summons. (Exhibit ("Ex.") A & B, respectively.)

3.    On October 11, 2022, Walmart filed its Answer in the Los Angeles County Superior Court in response to Plaintiff's Complaint. (Ex. C.)

4.    The aforementioned suit is a civil action for money damages against Walmart in which Plaintiff alleges state law claims under California Government Code section 12945 et seq. (the "California Family Rights Act" or "CFRA"), California Government Code section 12940 et seq. (the "Fair Employment and Housing Act," or "FEHA"), and a common law claim for wrongful termination in violation of public policy. (Ross Decl. ¶ 6.) The allegations supposedly giving rise to these claims stem from Plaintiff's employment with Walmart. (*Id.*) Plaintiff asserts in her Complaint that she "began working for [Walmart] on or about August 10, 2016, as a personal shopper," and her "last day of work was on or about

December 31, 2020." (Ex. A, ¶ 10, 11).  In Plaintiff's Complaint, she claims that she "…has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished." (*Id.*, ¶ 26, 38, 50, 61, 71, 82, 94, 106, 118)  In addition, Plaintiff also claims that she "…has suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction." (*Id.*, ¶ 27, 39, 51, 62, 72, 83, 95, 107, 119.)  Plaintiff further claims that, "…for a period of time in the future, [she] will be required to employ physicians and incur additional medical and incidental expenses." (*Id.*, ¶ 28, 40, 52, 63, 73, 84, 96, 108, 120.)  Besides past and future economic and non-economic damages, Plaintiff also seeks pre-judgment interest, post-judgment interest, costs of suit, recovery of her attorney's fees per statute, and punitive damages, among other things.  (*Id.*, ¶ 29, 41, 53, 64, 74, 85, 97, 109, 121, and Prayer for Relief at p. 18-19.)

5. In accordance with 28 U.S.C. § 1446(a), a copy of all process and pleadings served by or on Walmart are attached to this Notice as Exhibits A [Complaint]; B [Summons]; and C [Answer].

## II.   **TIMELINESS OF REMOVAL**

6. A defendant in a state civil action has thirty (30) days to remove the action to federal court from the date it receives the summons and complaint through

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

valid service of process – which timeline is triggered if removability appears on the face of the complaint. (28 U.S.C § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999).)

7.      Here, Walmart's Notice of Removal is plainly timely as Walmart first received a copy of the Summons and Complaint on September 12, 2022, and filed this Notice of Removal within 30 days of that date. (28 U.S.C. § 1446(b); Fed. R. Civ.P. 6(a)(1)(C).)

8.      In addition, the consent of the fictitious "Doe" defendants in this case is not required. Defendant is the only party who must consent to removal. (28 U.S.C. § 1441(b)).

## III.   BASIS FOR REMOVAL – DIVERSITY JURISDICTION

9.      This case is a civil action over which this Court had original jurisdiction under 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

## A.   Diversity of Citizenship

10.     Plaintiff is domiciled in, and a citizen of, California. (Ex. A, ¶ 1.)

11.     Wal-Mart Associates, Inc. is a Delaware corporation with its principal place of business in Benton County, Arkansas.  (Ex. A, ¶ 2.)  Therefore, Wal-Mart Associates, Inc. is a citizen of Delaware and Arkansas.  (28 U.S.C. § 1332(c)(1);

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

see also *Hertz Corp. v. Friend* (2010) 559 U.S. 77 ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.")

12.     Diversity of citizenship exists because Walmart is not a citizen of the same state as Plaintiff and is not a local defendant.  (28 U.S.C. § 1332(a)(1), 28 U.S.C. § 1441(b)(2).)  The citizenships of the fictitiously named Doe defendants are irrelevant here, as they "shall be disregarded" for purposes of assessing diversity of citizenship.  (28 U.S.C. § 1441(b)(1).)

**B.     Amount in Controversy**

13.     The amount in controversy in this action, independent of interests and costs, exceeds $75,000.00, as alleged by Plaintiff in her Complaint.  (28 U.S.C. § 1332(a).)

14.     <u>Plaintiff Concedes the Amount in Controversy Exceeds at Least $25,000</u>:  As a preliminary matter, Plaintiff concedes that her "[d]emand [is] over $25,000."  (Ex. A, at p. 2.)  After taking together all of Plaintiff's claims for damages, it is abundantly clear that the amount in controversy not only exceeds $25,000, but in fact exceeds $75,000.  Indeed, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  (*Campbell v. Vitran Exp., Inc.* (9th Cir. 2012) 471 Fed.Appx 646, 648

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1    (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D.Cal.2002)

2    199 F. Supp.2d 993, 1001.))

4        15.    <u>Economic Damages</u>:  Plaintiff asserts in her Complaint that she "began

5    working for [Walmart] on or about August 10, 2016, as a personal shopper," and her

6    "last day of work was on or about December 31, 2020."  (Ex. A, ¶ 10, 11).  Plaintiff

7    further claims that she "has suffered and continues to suffer losses in earnings and

8    other benefits, and will for a period of time in the future be unable to obtain gainful

9
10   employment, as her ability to obtain such employment and earning capacity have

11   been diminished."  (Id., ¶ 26, 38, 50, 61, 71, 82, 94, 106, 118.)

12
13       16.    Plaintiff earned approximately $22,891.98 in 2019, and $16,546.99 in

14   2020.  This averages $19,774.485 per year.  Her hourly base pay rate at the time of

15   her termination was $17.34, and she was a part-time employee.  Using Plaintiff's

16   average annual earnings in her final two years of employment, and applying them to

17
18   2021, 2022, 2023, and 2024 (with an anticipated trial date at the end of 2024), her

19   alleged wage loss would amount to approximately $79,097.92, in total.  This

20   calculation further supports that the amount in controversy in this case exceeds

21   $75,000, as it does not even factor in Plaintiff's claims for benefits, employment

22
23   opportunities, attorneys' fees, and emotional distress, among many others.  Indeed,

24   in *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 215CV04035CASJEMX, 2015 WL

25   4554336, at *2 (C.D. Cal. July 27, 2015), the court held that although Plaintiff had

26
27   placed only a minimum of $18,000 in controversy through claims for economic

28

damages, the amount in controversy was met because the court considered other types of relief sought like the ones sought by Plaintiff in this case.

17.    <u>Emotional Distress Damages</u>:  Plaintiff also claims that she "…has suffered general damages, as she was psychologically injured.  Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction."  (Ex. A, ¶ 27, 39, 51, 62, 72, 83, 95, 107, 119.)  Plaintiff further claims that, "…for a period of time in the future, [she] will be required to employ physicians and incur additional medical and incidental expenses."  (*Id.*, ¶ 28, 40, 52, 63, 73, 84, 96, 108, 120.)  Emotional distress damages are considered in determining the amount in controversy.  (*See Kroske v. U.S. Bank Corp.* (9th Cir. 2015) 432 F.3d 976, 980.)  Further, to establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases.  (*Cain v. Hartford Life and Acc. Ins. Co.* (C.D. Cal. 2012) 890 F.Supp.2d 1246, 1250.)  Emotional distress damages in employment discrimination cases "may be substantial," and the Ninth Circuit in *Kroske* reasoned that emotional distress damages "would add at least an additional $25,000" to the plaintiff's claim.  *Kroske*, 432 F.3d at 980.  Here, a similar result is compelled.  To further support the basis for removing this action to federal court, Defendants submit herewith examples of jury verdicts pursuant to the *Cain* decision mentioned above.  For example, in *Ko v. Square Group, LLC*, Superior Court of Los Angeles County, Case No. BC487739, the plaintiff was awarded a total verdict of

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

$723,645.64, of which $125,000 was attributed to emotional distress damages, in a case involving claims of wrongful termination, disability discrimination, and failure to accommodate.  (Ex. D.)  In *Martin v. Arrow Electronics*, U.S. District Court for the Central District of California, Case No. SACV04-1134 JVS, the plaintiff was awarded $1,519,579 by the jury, of which $300,000 was attributed to past pain and suffering in connection with claims of wrongful termination and failure to accommodate. (Ex. E.)  Accordingly, at a minimum, Plaintiff's alleged emotional distress in this case can reasonably be assumed to be equivalent to her claimed loss of earnings of approximately $79,097.92, if not more.  The attached jury verdicts also show the reasonable amount in controversy exceeds the jurisdictional limit based on alleged emotional distress alone.

18.    <u>Cost of Suit and Attorneys' Fees</u>:  Additionally, Plaintiff seeks an unspecified amount in cost of suit and attorneys' fees related to all eight of her causes of action.  (Ex. A, Prayer for Relief at p. 19.)  Attorneys' fees (future and accrued) are considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party, as she does here.  *See Galt GIS v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56; *see also Miera v. Dairyland Ins. Co.* (10th Cir. 1998) 143 F3d 1337, 1340; *Manguno v. Prudential Prop. & Cas. Ins. Co.* (5th Cir. 2002) 276 F3d 720, 723.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

19.     FEHA provides for attorneys' fees to be awarded to successful plaintiffs. *See* Cal. Gov. Code Section 12965(b). For example, in *Crawford v. DIRECTV, Inc.*, Superior Court of Los Angeles County, Case No. BC417507, plaintiff was awarded $353,172.00 for his claims of retaliation, wrongful termination, failure to accommodate, and disability discrimination, of which $159,763.00 was attributed to attorneys' fees. (Ex. F.)

20.     To date, Plaintiff has likely incurred fees and costs in connection with preparing and filing her Complaint. Moreover, the parties will be engaging in significant discovery, thereby incurring even more attorneys' fees, including the deposition of Plaintiff, and other depositions such as a deposition of a person most qualified. Additionally, if Plaintiff is successful in prosecuting her claims, which the Court must assume for purposes of removal, her claim for attorneys' fees alone more likely than not will exceed the $75,000 amount in controversy requirement. Indeed, in *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 215CV04035CASJEMX, 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015), the court recognized that attorneys' fees in the Los Angeles area may range between $425.00 to $725.00 per hour. (Ex. H.) Assuming a conservative rate of only $250.00/hour for Plaintiff's counsel, even if only 100 hours are spent on the case, attorneys' fees alone would total approximately $25,000. Accordingly, taking into account the attorneys' fees that would be at issue, and all of Plaintiff's claims for damages, the amount in controversy in this case undoubtedly exceeds $75,000 in total.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

21.     <u>Punitive Damages</u>:  Plaintiff also seeks punitive damages.  (Ex. A, Prayer for Relief at p. 19.)  Punitive damages can be awarded in addition to actual damages in certain circumstances.  The awards of punitive damages in some cases, can be significant.  However, as established above, the amount in controversy, regardless of the punitive damages, far exceeds the $75,000 threshold.

22.     <u>Total:</u>  Based on the above, the amount in controversy here is at least $183,195.84, well above the requisite $75,000 threshold, independent of interest and costs.

## IV.   **ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET**

22.     Plaintiff originally filed her complaint in the Superior Court of California, County of Los Angeles, which is located within the Central District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. 84(a), as it is the "district and division embracing the place where such action is pending." (28 U.S.C. § 114(a).)

23.     Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the removal of this action to all parties and is filing a copy of this notice with the Superior Court of California, County of Los Angeles.  True and correct copies of the notice to Plaintiff and to the state court shall be filed promptly.

/ / /

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## V.     CONCLUSION

24.     Wherefore, Defendant Walmart prays that the above-entitled action now pending against it in the Superior Court of California, County of Los Angeles, be removed to this Court.


DATED:  October 12, 2022          WOOD, SMITH, HENNING & BERMAN LLP


By: _____/s/*Jason C. Ross*_____
          JASON C. ROSS
          CLAUDIA KOZLOWSKA
Attorneys for Defendant, Wal-Mart Associates, Inc.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

Jason C. Ross (State Bar No. 252635)
jross@wshblaw.com
Claudia Kozlowska (State Bar No. 334487)
ckozlowska@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
501 West Broadway, Suite 1200
San Diego, California 92101
Phone: 619-849-4900 ♦ Fax: 619-849-4950

Attorneys for Defendant Wal-Mart
Associates, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA JOHNSON, an individual, | Case No. |
| Plaintiff, | **DEMAND FOR JURY TRIAL** |
| v. | Complaint Filed:   September 09, 2022 |
| WAL-MART ASSOCIATES, INC., a Delware Corporation, and DOES 1 through 20, Inclusive, | Superior Court Case No.: 22STCV29319 |
| Defendants. | |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Defendant WAL-MART ASSOCIATES, INC. hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

DATED:  October 12, 2022         WOOD, SMITH, HENNING & BERMAN LLP

By:  /s/ *Jason C. Ross*
JASON C. ROSS
CLAUDIA KOZLOWSKA
Attorneys for Defendant, Wal-Mart Associates, Inc.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## PROOF OF SERVICE

### Vanessa Johnson v. Wal-Mart Associates, Inc.
### Case No. 22STCV29319

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 501 West Broadway, Suite 1200, San Diego, CA 92101.

On October 12, 2022, I served the following document(s) described as **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT (28 U.S.C. §§ 1332(A), 1441); DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List. I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at San Diego, California, on that same day following ordinary business practices.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address apadilla@wshblaw.com to the persons at the electronic notification address listed in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 12, 2022, at San Diego, California.

_____
Arielle Padilla

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1
2

**SERVICE LIST**
**Vanessa Johnson v. Wal-Mart Associates, Inc.**
**Case No. 22STCV29319**

3
4
5
6

A. Jacob Nalbandyan, Esq.
LEVIN & NALBANDYAN, LLP
811 Wilshire Blvd., Suite 800
Los Angeles, CA 90017
E: jnalbandyan@LNtriallawyers.com
T: (213) 232-4848 / F: (213) 232-4849

7

**ATTORNEYS FOR PLAINTIFF,**
**VANESSA JOHNSON**

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

# EXHIBIT A

Case 2:22-cv-07425-WLH-MRW     Document 1     Filed 10/12/22     Page 16 of 74     Page ID
Electronically FILED by Superior Court of California, County of Los Angeles on 09/09/2022 08:10 AM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Tarasyuk, Deputy Clerk
22STCV29319

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Jon Takasugi

1   A. Jacob Nalbandyan, Esq. (SBN 272023)
    jnalbandyan@LNtriallawyers.com
2   **LEVIN & NALBANDYAN, LLP**
3   811 Wilshire Blvd, Suite 800
    Los Angeles, CA 90017
4   Tel: (213) 232-4848
    Fax: (213) 232-4849
5
6   Attorneys for Plaintiff,
    VANESSA JOHNSON
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

10

11  VANESSA JOHNSON, an individual,           ) Case No.: **22STCV29319**
                                              )
12              Plaintiff,                     ) **COMPLAINT FOR DAMAGES**
                                              )
13                                            )
                                              ) 1. **DISCRIMINATION IN VIOLATION OF**
14         vs.                                )    **THE CALIFORNIA FAMILY RIGHTS**
                                              )    **ACT**
15                                            ) 2. **RETALIATION IN VIOLATION OF THE**
                                              )    **CALIFORNIA FAMILY RIGHTS ACT**
16  WAL-MART ASSOCIATES, INC., a Delaware     ) 3. **DISABILITY DISCRIMINATION IN**
    Corporation, and DOES 1 through 20, Inclusive, )  **VIOLATION OF THE FAIR**
17                                            )    **EMPLOYMENT AND HOUSING ACT**
18          Defendants.                       ) 4. **FAILURE TO PROVIDE REASONABLE**
                                              )    **ACCOMODATIONS IN VIOLATION OF**
19                                            )    **THE FAIR EMPLOYMENT AND**
                                              )    **HOUSING ACT**
20                                            ) 5. **FAILURE TO ENGAGE IN A GOOD**
                                              )    **FAITH INTERACTIVE PROCESS IN**
21                                            )    **VIOLATION OF THE FAIR**
                                              )    **EMPLOYMENT AND HOUSING ACT**
22                                            ) 6. **RETALIATION IN VIOLATION OF THE**
                                              )    **FAIR EMPLOYMENT AND HOUSING**
23                                            )    **ACT**
                                              ) 7. **FAILURE TO PREVENT**
24                                            )    **DISCRIMINATION AND RETALIATION**
25                                            )    **IN VIOLATION OF THE FAIR**
                                              )    **EMPLOYMENT AND HOUSING ACT**
26                                            )    ///
                                              )    ///
27                                            )    ///
28                                            )
                                              )

L&N File #: 7334                    -1-

**COMPLAINT FOR DAMAGES**

|  | ) | **8. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
|--|---|--|
|  | ) | **Demand over $25,000** |
|  | ) | **DEMAND FOR JURY TRIAL** |

VANESSA JOHNSON ("Plaintiff") is informed and believes, and alleges thereon, the following:

### PARTIES, VENUE, AND JURISDICTION

1. Plaintiff, at all relevant times herein resided in Los Angeles County, California.

2. Defendant WAL-MART ASSOCIATES, INC. ("Defendant") is a Delaware Corporation with its principal place of business in Benton County, Arkansas.

3. Plaintiff is informed and believes, and thereon alleges that Defendant is a retail store.

4. The unlawful acts pleaded herein occurred in Los Angeles County, California.

5. Venue is proper in Los Angeles pursuant to California Government Code § 12965.

6. Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

7. At all times relevant to this action, each of the fictitiously named defendants was an employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendants, and was acting within the course and scope of such agency or employment.

8. Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused Plaintiffs' injuries as herein alleged. Pursuant to CAL. GOV'T CODE §§12960, *et seq.*, Plaintiff filed a charge against Defendant with the California Department of Fair Employment and Housing ("DFEH") on August 31, 2022, less than one year from the date of most occurrence. On August 31, 2022, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

///

///

L&N File #: 7334

-2-

**COMPLAINT FOR DAMAGES**

## **FACTUAL ALLEGATIONS**

9.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

10.     Plaintiff began working for Defendant on or about August 10, 2016, as a personal shopper. Plaintiff's duties involved gathering and delivering customers' shopping items to their cars.

11.     Plaintiff's last day of work was on or about December 31, 2020, due to testing positive for Covid-19.

12.     While on leave for Covid-19 she suffered a stroke on or about February 26, 2021 and, therefore, Plaintiff's leave was extended.

13.     On or about March 9, 2021, Plaintiff had brain surgery at USC Department of Neurological Surgery and was put on an extended medical leave expected to return on or about June 1, 2022.

14.     On or about April 5, 2022, Plaintiff received a notice from Sedgwick Claims Management ("Sedgwick"), Defendant's agent for medical leave administration, stating that she was being denied a request for an extended leave. Defendant made no effort at having any communication or discussion with Plaintiff prior to reaching this decision.

15.     On or about April 6, 2022, Plaintiff called the adjuster from Sedgwick to appeal her extended leave but her leave was still arbitrarily rejected without any discussion or meaningful explanation.

16.     On or about May 23, 2022, Plaintiff was released to go back to work. Plaintiff reached out to her Manager Joyce to let her know about her work restrictions but was unable to reach her.

17.     Joyce called Plaintiff back on or about May 23, 2022, to inform Plaintiff she had been terminated as of April 1, 2022.

18.     Plaintiff was left embarrassed, ashamed, emotionally broken, and in financial desperation for having been directly discriminated and retaliated against for having a disability, needing and requesting a reasonable accommodation, and taking a medical leave of absence to treat her disability, despite years of outstanding and loyal service to Defendant.

///

1

## **FIRST CAUSE OF ACTION**

2

### **DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT**

3      19.    Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this

4    Complaint as though fully set forth herein.

5      20.    At all times relevant to this action, Plaintiff was employed by Defendant.

6      21.    At all times relevant to this action, Plaintiff suffered from a serious health condition

7    within the meaning of GOV'T CODE §§ 12945.2(c)(8), et seq.

8      22.    At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges

9    that Defendant was an employer who regularly employed fifty or more persons within the meaning of

10    CAL. GOV'T CODE §12945.2(b)-(c)(2).

11      23.    At all times relevant to this action, Plaintiff had more than 12 months of service with

12    Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had

13    taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE

14    §12945.2(a).

15      24.    Defendant unlawfully discriminated against Plaintiff because of her medical leaves of

16    absence by terminating her in violation of CAL. GOV'T CODE §§ 12945.2(a), 12945.2(k), and

17    12945.2(q).

18      25.    Defendant's decision to terminate Plaintiff was substantially motivated by her medical

19    leaves of absence, as previously pled herein.

20      26.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

21    continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

22    unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

23    have been diminished. The exact amount of such expenses and losses is presently unknown, and

24    Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

25    ascertained.

26      27.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

27    damages, as she was psychologically injured. Such injuries have caused, and continue to cause

28    Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

28.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

29.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

30.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## SECOND CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

31.     Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

32.     At all times relevant to this action, Plaintiff was employed by Defendant.

33.     At all times relevant to this action, Plaintiff suffered from a serious health condition within the meaning of GOV'T CODE §§ 12945.2(c)(8), et seq.

34.     At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was an employer who regularly employed fifty or more persons within the meaning of CAL. GOV'T CODE §12945.2(b)-(c)(2).

///

///

///

COMPLAINT FOR DAMAGES

35.     At all times relevant to this action, Plaintiff had more than 12 months of service with Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE §12945.2(a).

36.     Defendant unlawfully retaliated against Plaintiff because of her medical leaves of absence by terminating her in violation of CAL. GOV'T CODE §§ 12945.2(a), 12945.2(k), and 12945.2(q).

37.     Defendant's decision to terminate Plaintiff was substantially motivated by her serious health conditions and medical leave of absence.

38.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

39.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

40.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

41.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

**COMPLAINT FOR DAMAGES**

42.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## SECOND CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

43.    Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

44.    At all times relevant to this action, Plaintiff was employed by Defendant.

45.    At all times relevant to this action, Plaintiff suffered from a serious health condition within the meaning of GOV'T CODE §§ 12945.2(c)(8), et seq.

46.    At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was an employer who regularly employed fifty or more persons within the meaning of CAL. GOV'T CODE §12945.2(b)-(c)(2).

47.    At all times relevant to this action, Plaintiff had more than 12 months of service with Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE §12945.2(a).

48.    Defendant unlawfully discriminated against Plaintiff because of her medical leaves of absence by terminating her in violation of CAL. GOV'T CODE §§ 12945.2(a), 12945.2(t), and 12945.2(l).

49.    Defendant's decision to terminate Plaintiff was substantially motivated by her medical leaves of absence, as previously pled herein.

///
///
///
///

**COMPLAINT FOR DAMAGES**

50.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

51.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

52.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

53.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

54.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

///

///

///

///

///

**COMPLAINT FOR DAMAGES**

## THIRD CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF

## THE FAIR EMPLOYMENT AND HOUSING ACT

55.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

56.     At all times relevant to this action, Plaintiff was employed by Defendant.

57.     At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

58.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m) because of her disability and/or being regarded as disabled and/or history of disability.

59.     At all times relevant to this action, Defendant unlawfully discriminated against Plaintiff, as previously alleged, on the basis of her disability, being regarded as disabled, and/or history of disability.

60.     Defendant was substantially motivated to terminate Plaintiff because of her disability, being regarded as disabled, and/or history of disability.

61.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

62.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

///

///

///

63.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

64.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

### IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

65.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

66.     At all times relevant to this action, Plaintiff was employed by Defendant.

67.     At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

68.     At all times relevant herein, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m) because of her disability, being regarded as disabled, and/or history of disability.

///

///

L&N File #: 7334                                          -10-

69.     At all times relevant to this action, Defendant unlawfully failed to provide Plaintiff reasonable accommodations in violation of CAL. GOV'T CODE § 12940(m) despite the fact that it had actual and constructive knowledge of her disability, need for accommodations, and Plaintiff's actual and constructive requests for accommodations.

70.     Defendant's failure to accommodate Plaintiff was substantially motivated by her disability, as previously pled herein.

71.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

72.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

73.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

74.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

///

///

///

**COMPLAINT FOR DAMAGES**

75.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## FIFTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
### IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

76.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

77.     At all times relevant to this action, Plaintiff was employed by Defendant.

78.     At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

79.     At all relevant times herein, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m) because of her disability, being regarded as disabled, and/or history of disability.

80.     Defendant unlawfully failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations despite the fact that it had actual and constructive knowledge of her disability, in violation of CAL. GOV'T CODE §§ 12940(n) and 12926.1(e), as previously pled herein.

81.     Defendant's failure to engage in a good faith interactive process with Plaintiff was substantially motivated by her disability, as previously pled herein.

82.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

83. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

84. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

85. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

86. Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## SIXTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

87. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

88. At all times relevant to this action, Plaintiff was employed by Defendant.

89. At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from discriminating and retaliating against any employee on the basis of a disability, being regarded as disabled, and/or history of disability, requests for accommodation, and opposition to conduct related thereto.

**COMPLAINT FOR DAMAGES**

1    90.    Defendant engaged in conduct that taken as a whole, materially and adversely affected

2    the terms and conditions of Plaintiff's employment.

3    91.    Plaintiff's assertion of her rights under CAL. GOV'T CODE §12900 *et seq.* was a

4    substantial motivating reason for Defendant's decision to retaliate against and terminate her.

5    Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

6    92.    At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in

7    violation of CAL. GOV'T CODE §§ 12940(h), 12940(m)(2), by terminating her.

8    93.    Defendant's retaliatory termination of Plaintiff's employment was substantially

9    motivated by her disability, being regarded as disabled, and/or history of disability, requests for

10   accommodation, and opposition to Defendant's conduct related thereto, as previously pled herein.

11   94.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

12   continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

13   unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

14   have been diminished. The exact amount of such expenses and losses is presently unknown, and

15   Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

16   ascertained.

17   95.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

18   damages, as she was psychologically injured. Such injuries have caused, and continue to cause

19   Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

20   96.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

21   in the future, will be required to employ physicians and incur additional medical and incidental

22   expenses.  The exact amount of such expenses is presently unknown to Plaintiff and she will seek

23   leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

24   ///

25   ///

26   ///

27   ///

28   ///

97.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

98.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

99.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

100.    At all times relevant to this action, Plaintiff was employed by Defendant.

101.    At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE § 12926(d).

102.    At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a) and 12926(m) because of her disability, being regarded as disabled and/or history of disability.

103.    At all times relevant to this action, Defendant unlawfully discriminated and retaliated against Plaintiff, as previously alleged, on the basis of her disability, being regarded as disabled, and/or history of disability, requests/need for accommodation, and opposition to related conduct by terminating her employment.

///

///

**COMPLAINT FOR DAMAGES**

104.     Defendant was substantially motivated to terminate Plaintiff because of her disability, being regarded as disabled, and/or history of disability, requests/need for accommodation, and opposition to related conduct, as previously pled herein.

105.     Defendant failed to take reasonable steps to prevent the unlawful discrimination and retaliation during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE §12940(k), even when management level employees of Defendant became aware of the discriminatory and retaliatory conduct. Instead, Defendant terminated Plaintiff in bad faith.

106.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

107.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

108.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

109.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

///

///

L&N File #: 7334                                    -16-

**COMPLAINT FOR DAMAGES**

110.   Plaintiff is informed and believes, and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

111.   Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

112.   At all times relevant to this action, Plaintiff was employed by Defendant.

113.   At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from discriminating, retaliating against, or terminating any employee on the basis of a disability, being regarded as disabled, and/or history of disability, request/need for accommodation, medical leaves of absence, and opposition to conduct related thereto.

114.   Defendant's conduct, as previously alleged, was in retaliation for Plaintiff's assertion of rights under CAL. GOV'T CODE §§12900 *et seq.*

115.   Plaintiff's assertion of her rights under CAL. GOV'T CODE §§12900 *et seq.* was a substantial motivating reason for Defendant's decision to discriminate, retaliate against, and terminate Plaintiff. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

116.   CAL. GOV'T CODE §§12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

117.   Defendant's wrongful termination of Plaintiff's employment was substantially motivated by her disability and/or being regarded as disabled and/or history of disability, requests/need for accommodation, medical leaves of absence, and opposition to conduct related thereto.

///

///

COMPLAINT FOR DAMAGES

118.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

119.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages as she was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

120.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

121.    Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

122.    Plaintiff is informed and believes, and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff VANESSA JOHNSON, prays for judgment against Defendant WAL-MART ASSOCIATES, INC., and DOES 1 through 20, as follows:

1.  Past and future economic and non-economic damages according to proof;

2. Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees according to proof;

3. Injunctive relief compelling Defendant to reinstate Plaintiff to her previous position, prohibiting Defendant from engaging in similar unlawful conduct as complained of herein, and ordering Defendant to establish effective preventive mechanisms to ensure that the conduct complained of herein does not continue in the future;

4. Declaratory relief that Defendant's conduct as complained of herein was a violation of Plaintiff's rights;

5. Punitive damages; and

6. All other relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims as provided by California law.

Dated: September 9, 2022                    **LEVIN & NALBANDYAN, LLP**

By: _____
A. Jacob Nalbandyan, Esq.
Attorneys for Plaintiff,
VANESSA JOHNSON

L&N File #: 7334                          -19-

**COMPLAINT FOR DAMAGES**

# EXHIBIT B

**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**   KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**   **Process Served in California**

**FOR:**   Wal-Mart Associates, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOHNSON VANESSA, an individual // To: Wal-Mart Associates, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Addendum and Statement, Notice, Attachment(s), First Amended General Order, Stipulation(s), Conference, Stipulation and Order |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA<br>Case # 22STCV29319 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 04/01/2022 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/12/2022 at 02:06 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | A. Jacob Nalbandyan<br>Levin & Nalbandyan, LLP<br>811 Wilshire Blvd., Suite 800<br>Los Angeles, CA 90017<br>213-232-4848 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/13/2022, Expected Purge Date: 09/18/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

**CT Corporation**
**Service of Process Notification**
09/12/2022
CT Log Number 542297287

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Mon, Sep 12, 2022
**Server Name:**                             Ramiro Saucedo

| Entity Served | WAL-MART ASSOCIATES, INC. |
|---|---|
| Case Number | 22STCV29319 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



Electronically FILED by Superior Court of California, County of Los Angeles on 09/09/2022 08:10 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
22STCV29319

## SUMMONS
### *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAL-MART ASSOCIATES, INC., a Delaware Corporation, and DOES 1
through 20, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VANESSA JOHNSON, an individual,

| FOR COURT USE ONLY |
| :---: |
| *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER: *(Número del Caso):* |
| :--- | :--- |
| Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, CA 90012 | 22STCV29319 |

The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
A. Jacob Nalbandyan, Esq.
LEVIN & NALBANDYAN, LLP
811 Wilshire Blvd., Suite 800 Los Angeles, CA 90017
Phone: (213) 232-4848 | Fax: (213) 232-4849

| DATE:<br>*(Fecha)* 09/09/2022 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by<br>*(Secretario)* Y. Tarasyuk | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WAL-MART ASSOCIATES, INC., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 10/11/2022 12:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Abraham,Deputy Clerk

Case 2:22-cv-07425-WLH-MRW    Document 1    Filed 10/12/22    Page 41 of 74    Page ID
#:41

1    Jason C. Ross (State Bar No. 252635)
     jross@wshblaw.com
2    Claudia Kozlowska (State Bar No. 334487)
     ckozlowska@wshblaw.com
3    **WOOD, SMITH, HENNING & BERMAN LLP**
     501 West Broadway, Suite 1200
4    San Diego, California 92101
     Phone: 619-849-4900 ♦ Fax: 619-849-4950
5
     Attorneys for Defendant Wal-Mart Associates,
6    Inc.

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10   VANESSA JOHNSON, an individual,          Case No. 22STCV29319

11           Plaintiff,                        **DEFENDANT'S ANSWER TO
                                               PLAINTIFF'S COMPLAINT**
12           v.
                                               The Hon. Jon R. Takasugi, Dept. 17
13   WAL-MART ASSOCIATES, INC., a
     Delaware Corporation, and DOES 1 through  Action Filed:        September 09, 2022
14   20, Inclusive,
                                               Trial Date:         None Set
15           Defendants.

16

17          Defendant WAL-MART ASSOCIATES, INC. ("Defendant") hereby answers the

18   Complaint filed by Plaintiff VANESSA JOHNSON ("Plaintiff") as follows:

19                       **GENERAL AND SPECIFIC DENIALS**

20          Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

21   Defendant denies, generally and specifically, each and every allegation contained in the Complaint,

22   and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in

23   any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any

24   alleged act or omission by any agent or employee of Defendant.  Defendant further denies, generally

25   and specifically, that Plaintiff is entitled to any relief whatsoever.

26   / / /

27   / / /

28   / / /

26321441.1:11855-0012                    -1-
                         DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to the Complaint and each of the causes of action therein, Defendant alleges, and states as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff is barred from any relief, including any purported injunctive relief sought because Plaintiff has adequate remedies at law.

### THIRD AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by the doctrine of after-acquired evidence.

### FOURTH AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action Taken by Employer)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's complaints.

### FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences – Plaintiff Failed to Take Preventive or Corrective Action)

Plaintiff "unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise," thereby preventing Plaintiff from maintaining the Complaint, and each and every purported cause of action contained therein.  (See, e.g., *Burlington Industries, Inc. v. Kimberly B. Ellerth* (1998) 524 U.S. 742, 745; *State Dept. of Health Services v. Superior Court.* (2003) 31 Cal.4th 1026.)

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

### SIXTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualification)

Any alterations or modifications to Plaintiff's job duties were justified, not based on discriminatory reasons, and were justified based upon a bona fide business necessity and based upon bona fide occupational qualifications.

### SEVENTH AFFIRMATIVE DEFENSE

### (Business Necessity)

Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

### EIGHTH AFFIRMATIVE DEFENSE

### (Employer Lacked Knowledge)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly retaliated or discriminated against, and/or of any alleged employee's purported pre-disposition for unlawful behavior.

### NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

///

///

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were reasonable and justified by its good faith but potentially mistaken belief.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff's acts and conduct have resulted in consent to all conduct as alleged on the part of Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

Any unlawful or wrongful acts, to the extent they exist (which are denied), taken by Defendant's alleged agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (C.C.P. § 128.7)

The Complaint is unsupported by law or fact and was filed in bad faith and solely for the purpose of harassing and annoying Defendant.   Therefore, Defendant is entitled to recover its reasonable expenses, including attorneys' fees, incurred in defending this action, pursuant to C.C.P. § 128.7, and any or other similar laws.

/ / /

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory or Retaliatory Intent, Legitimate Non-Discriminatory and/or Non-Retaliatory Reason(s))

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory or retaliatory intent, as Defendant's alleged actions were based on a legitimate, nondiscriminatory, and non-retaliatory reason(s).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendants)

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Not a Substantial Motivating Reason)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Federal Law Preemption)

The Complaint, and each and every cause of action alleged therein, is preempted by federal law.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Same Decision Limits Remedies; Mixed Motive)

Defendant is informed and believes that although it denies that any alleged unlawful discrimination occurred, Defendant would have made the same decision(s) absent any such alleged discrimination or retaliation, and Plaintiff is therefore barred from collecting any damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and Business and Professions Code section 17208.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

The Complaint and each of its causes of action are barred because, at all relevant times, Plaintiff was an at-will employee, subject to termination, with or without cause, and with or without notice.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (ERISA Preemption)

Damages sought for lost employment benefits in any and all of Plaintiff's causes of action are preempted by ERISA.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

Defendant asserts that any damages suffered by Plaintiff were the direct and proximate result of the actions of third parties other than Defendant. To the extent Plaintiff's damages, if any, were caused or contributed to by such third parties, Defendant's liability, if any, must be apportioned and allocated in proportion to the respective fault of all third parties whose conduct proximately caused and contributed to any such damage.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Exclusivity of the California Workers Compensation Act)

Defendant is informed and believes that Plaintiff is barred from seeking any damages for purported physical or emotional injuries allegedly suffered under the exclusive remedy provisions of the California Workers Compensation Act, Cal. Labor Code § 3200 *et seq.*

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Causation)

Defendant is informed and believes that if Plaintiff has suffered any loss, damage or injury, which is expressly denied, such loss, damage or injury was not caused, either legally or proximately, by any act or omission of Defendant.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Damages)

Defendant is informed and believes that Plaintiff's claims in her Complaint are barred as Plaintiff has not been damaged or injured in any way by any act or omission on the part of any of Defendant.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Contribution)

Defendant is informed and believes that the damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence or wrongful conduct of parties, persons, corporations and/or entities other than Defendant, including Plaintiff, and the liability of Defendant, if any, must be limited in direct proportion to the percentage of fault actually attributable to Defendant.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Undue Hardship)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant were excused from a providing a reasonable accommodation as the reasonable accommodation required would create an undue hardship for Defendant.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Intervening Superseding Causes)

Defendant alleges that the injuries and damages of which Plaintiff complains were proximately caused, or contributed to, by the acts of Plaintiff and other defendants, persons, and/or entities, and that said acts were an intervening and superseding cause of injuries and damages, if any, of which Plaintiff complains, thus barring, or reducing, Plaintiff's recovery against Defendant, if any.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Threat to Health or Safety)

The Complaint, and each and every purported cause of action contained therein, is barred because Plaintiff could not perform the essential functions of her job, or any applicable job, in a manner not endangering her health or safety, or the health or safety of others, even with reasonable accommodation. (Gov. Code § 12940(a)(1); 2 C.C.R. § 11067(b), (c).)

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff was Not a Qualified Individual with a Disability)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, to the extent that Plaintiff was / is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act. (Gov. Code, § 12940, et seq.)

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Healthcare Certification)

The Complaint, and each and every purported cause of action contained therein is barred because Defendant informed Plaintiff in writing that it required written certification from Plaintiff's healthcare provider to grant / extend any leave of absence under the California Family

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1  Rights Act, and Plaintiff did not provide the required healthcare certification within the applicable

2  time period.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Fitness for Duty Statement)

The Complaint, and each and every purported cause of action contained therein is barred because Walmart has a uniformly applied practice or policy that requires employees on leave because of their own serious health condition / or that of a qualifying individual to provide a written statement from their healthcare provider that they are able to return to work, and Plaintiff did not provide that required written statement.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Right to Amend Answer)

Defendant reserves its right to amend its answer herein, including the addition of affirmative defenses, after pleading and discovery in preparation for trial, as it may have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

### ATTORNEYS' FEES

Defendant alleges, based on Plaintiff's request for attorneys' fees, that in the event Defendant is determined to be the prevailing party, it is entitled to recover its attorneys' fees pursuant to California Government Code § 12965, and/or any other applicable statutes.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's Complaint, and each purported cause of action therein, be dismissed;

2. That Plaintiff take nothing by way of the Complaint;

3. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

4. That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

5. That Defendant be awarded such other and further relief as the Court may deem just and proper.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1    **<u>DEMAND FOR JURY TRIAL</u>**

2    Defendant hereby demands a trial by jury in the above-entitled matter.

3

4

5    DATED:  October 11, 2022            WOOD, SMITH, HENNING & BERMAN LLP

6

7                                        By:

8                                        JASON C. ROSS
                                         CLAUDIA KOZLOWSKA
9                                        Attorneys for Defendant, Wal-Mart Associates, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## PROOF OF SERVICE

**Vanessa Johnson v. Wal-Mart Associates, Inc.**
**Case No. 22STCV29319**

I am employed in the County of San Diego, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 501 West Broadway, Suite 1200, San Diego, CA 92101.

On October 11, 2022, I served the following document(s) described as **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:**  I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List.  I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at San Diego, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 11, 2022, at San Diego, California.

_____
Arielle Padilla

*WOOD, SMITH, HENNING & BERMAN LLP*
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

26321441.1:11855-0012

-11-

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1
2

**SERVICE LIST**
**Vanessa Johnson v. Wal-Mart Associates, Inc.**
**Case No. 22STCV29319**

3
4
5

A. Jacob Nalbandyan, Esq.
LEVIN & NALBANDYAN, LLP
811 Wilshire Blvd., Suite 800
Los Angeles, CA 90017
T: (213) 232-4848 / F: (213) 232-4849

6
7

**ATTORNEYS FOR PLAINTIFF,**
**VANESSA JOHNSON**

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

26321441.1:11855-0012

-12-

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

# EXHIBIT D

**FILED**
Superior Court of California
County of Los Angeles

JUN 1 6 2014

Sherri R. Carter, Executive Officer/Clerk
By _J. Barkley_ Deputy
T Barkley

1
2
3
4
5
6
7

8    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9    FOR THE COUNTY OF LOS ANGELES-CENTRAL DISTRICT

10
11
12
13    EUN JOO KO                        CASE NO.:    BC487739
14            Plaintiff,                SPECIAL VERDICT
15        vs.
16
17    THE SQUARE GROUP, LLC dba THE
      SQUARE SUPERMARKET and IXZIBIT, INC,
18
19            Defendants.
20
21
22    We, the jury in the above-entitled action, hereby render the following special verdict:

23    Question No. 1:

24    Do you find that Eun Joo Ko was an employee of The Square Group, LLC dba The Square

25    Supermarket?

26    YES: ___✓___                        NO: _____

27
28    Please proceed to the next question.

-1-
**SPECIAL VERDICT**

Question No. 2:

Do you find that Ixzibit, Inc., was also an employer of Eun Joo Ko?

YES: _____          NO: ✓

If you answered "yes" to Question No. 1 or 2, please proceed to the next question. If you answered "no" to both Question No. 1 and 2, then stop here, answer no further questions, and have the presiding juror sign and date this form.

Question No. 3:

Do you find that Eun Joo Ko is owed unpaid overtime wages?

YES: ✓          NO: _____

Please proceed to the next question.

Question No. 4:

Do you find that Eun Joo Ko did not receive her meal breaks as required?

YES: ✓          NO: _____

Please proceed to the next question.

Question No. 5:

Do you find that Eun Joo Ko did not receive her rest periods as required?

YES: ✓          NO: _____

Please proceed to the next question.

Question No. 6:

Do you find that Eun Joo Ko was not provided with an accurate accounting of her wages?

YES: ✓          NO: _____

Please proceed to the next question.

///

-2-
**SPECIAL VERDICT**

Question No. 7:

Do you find that Eun Joo Ko was not paid all of her wages due as of the date Eun Joo Ko's employment ended?

YES: ✓_____    NO: _____

Please proceed to the next question.

Question No. 8:

Do you find that Eun Joo Ko suffered from a physical disability that limited her ability to work?

YES: ✓_____    NO: _____

If you answered Question No. 8 "yes," please proceed to the next question. If you answered "no", then please skip to Question No. 15.

Question No. 9:

Was there a good faith interactive process with Eun Joo Ko?

YES: _____    NO: ✓_____

If you answered Question No. 9 "yes," the please skip to Question No. 11. If you answered "no," then please proceed to the next question.

Question No. 10:

Do you find the failure to engage in a good faith interactive process with Eun Joo Ko was a substantial factor in causing her harm?

YES: ✓_____    NO: _____

Please proceed to the next question.

///

///

1    Question No. 11:

2    Was Eun Joo Ko provided a reasonable accommodation for her disability?

3    YES: _____         NO: ✓_____

4

5    If you answered Question No. 11 "yes," then please skip to Question No. 14.  If you

6    answered "no," then proceed to the next question.

7    Question No. 12:

8    Do you find that Eun Joo Ko could have worked if given a reasonable accommodation?

9    YES: ✓_____         NO: _____

10

11   If you answered Question No. 12 "yes," then please proceed to the next question.

12   If your answer is NO, then please proceed to Question No. 14.

13   Question No. 13:

14   Do you find that The Square Group, LLC and/or Ixzibit, Inc's failure to provide Eun Joo Ko

15   with a reasonable accommodation for her disability was a substantial factor in causing her harm?

16   YES: ✓_____         NO: _____

17

18   Please proceed to the next question.

19   Question No. 14:

20   Did Plaintiff EUN JOO KO take a medical leave because of a serious health condition?

21   YES: ✓_____         NO: _____

22

23   Please proceed to the next question.

24   ///

25   ///

26   ///

27

28

-4-
**SPECIAL VERDICT**

Question No. 15:

Was Eun Joo Ko allowed to return to her job when her medical leave ended?

YES: _____           NO: _✓_____

If you answered Question No. 15 "yes," then please proceed to Question No. 17.  If you

answered "no," then please proceed to the next question.

Question No. 16:

Did Eun Joo Ko suffer harm because she was not allowed to return to her job when her

medical leave ended?

YES: _✓_____           NO: _____

Please proceed to the next question.

Question No. 17:

Was Eun Joo Ko subjected to discrimination for being disabled?

YES: _✓_____           NO: _____

Please proceed to the next question.

Question No. 18:

Was Eun Joo Ko subjected to retaliation for being on medical leave because of a serious

health condition?

YES: _✓_____           NO: _____

If you answered Question No. 18 "yes," then please proceed to the next question.  If you

answered "no," then please proceed to Question No. 20.

///

///

///

-5-
**SPECIAL VERDICT**

Question No. 19:

Did Eun Joo Ko suffer harm because of the retaliation?

YES: ✓    NO: _____

Please proceed to the next question.

Question No. 20:

Was Eun Joo Ko terminated in violation of a public policy?

YES: ✓    NO: _____

If you answered Question No. 20 "yes," the please proceed to the next question.

If you answered "no," then please skip to Question No. 22.

Question No. 21:

Was Eun Joo Ko's termination a substantial factor in causing her harm?

YES: ✓    NO: _____

Please proceed to the next question.

Question No. 22:

How much do you award Eun Joo Ko in damages in unpaid wages?

    (a)  Unpaid Overtime Wages:

        June 2009 through October 2009:

        Overtime Hours: *0*    x $18.00 overtime rate = $ *0*

        Double O/T Hours: *17*    x $24.00 overtime rate = $ *408.00*

        November 2009 through May 2011:

        Overtime Hours: *196*    x $25.96 overtime rate = $ *5,088.16*

        Double O/T Hours: *24*    x $34.62 overtime rate = $ *830.88*

///

June 2011 through January 2012:

Overtime Hours: _224_ x $34.62 overtime rate = $ 7,754.88

Double O/T Hours: _28_ x $46.16 overtime rate = $ 1,292.48

(b) Missed Meal Breaks:

June 2009 through October 2009:

Number of Missed Meal Breaks: _120_ x $12.00 regular rate = $ 1,440

November 2009 through May 2011:

Number of Missed Meal Breaks: _168_ x $17.31 regular rate = $ 2,908.08

June 2011 through January 2012:

Number of Missed Meal Breaks: _192_ x $23.08 regular rate = $ 4,431.36

(c) Missed Rest Breaks:

June 2009 to October 2009:

Number of Missed Rest Breaks: _120_ x $12.00 regular rate = $ 1,440

November 2009 through May 2011:

Number of Missed Rest Breaks: _168_ x $17.31 regular rate = $ 2,908.08

June 2011 through January 2012:

Number of Missed Rest Breaks: _192_ x $23.08 regular rate = $ 4,431.36

TOTAL: $ 32,933.28

If Eun Joo Ko has proved any damages for unpaid wages, then answer Question No. 22, then please proceed to the next question.

///

///

///

-7-
**SPECIAL VERDICT**

Question No. 23:

How much do you award Eun Joo Ko in damages for her claims of discrimination and/or termination: [Do not consider the amounts awarded for unpaid wages when awarding the amounts below]

Loss of past earnings:      $ _41,047.36_

Loss of future earnings:    $ _14,665_

Emotional distress:         $ _125,000_

Lost benefits:              $ _10,000_

TOTAL:   $ _190,712.36_

If Eun Joo Ko has proved any damages for her claims of discrimination, retaliation, failure to accommodate, failure to engage in a good faith interactive process, denial of medical leave and/or wrongful termination, then answer Question No. 23, then please proceed to the next question.

Question No. 24:

Do you find by clear and convincing evidence that Square Group, LLC dba The Square Supermarket acted with malice or oppression against Eun Joo Ko?

Yes: __✓__                  No: _____

Please proceed to the next question.

Question No. 25:

Do you find by clear and convincing evidence that Ixzibit, Inc., acted with malice or oppression against Plaintiff EUN JOO KO?

Yes: _____                 No: __✓__

///

///

-8-
**SPECIAL VERDICT**

1   DATED: _June 16_, 2014          _____
                                    Foreperson
2

3          After the verdict has been completed, signed and dated by the foreperson, the foreperson is

4   to deliver the verdict form to the court assistant.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-
**SPECIAL VERDICT**

# EXHIBIT E

Anthony Lanza, Bar No. 156703
LANZA & GOOLSBY
A Professional Law Corporation
3 Park Plaza, Suite 1650
Irvine, California 92614-8540
Telephone (949) 221-0490
Facsimile (949) 221-0027

Attorneys for Plaintiff Doug Martin

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| DOUG MARTIN, an individual; | ) Case No.  SACV04-1134 JVS |
| Plaintiff, | ) |
| | ) JUDGMENT IN FAVOR OF |
| vs. | ) PLAINTIFF DOUG MARTIN |
| | ) |
| ARROW ELECTRONICS, INC., | ) Hon.   James V. Selna |
| a corporation; | ) |
| | ) Trial:  May 30, 2006 |
| Defendant. | ) |
| | ) |
| | ) |

From May 30, 2006, through June 9, 2006, the Honorable James V. Selna presided over jury trial of the counts asserted in this action by plaintiff Doug Martin against defendant Arrow Electronics, Inc., resulting in a special verdict, signed on June 12, 2006, in favor of Doug Martin.   The special verdict retuned by the jury awards monetary damages in favor of Doug Martin against Arrow Electronics in the total sum of $1,519,579, as follows:

a.    Past economic loss:

     Lost earnings:        $607,385

     Medical expenses:    $41,000

b.    Future economic loss:

     Lost earnings:        $547,194

     Medical expenses:    $24,000

c.    Past non-economic loss, such as physical pain and mental suffering:

                  $300,000

d.    Future non-economic loss, such as physical pain and mental suffering:

                  $0

e.    Punitive damages:    $1,000

Judgment is hereby accordingly entered in favor of plaintiff Doug Martin against defendant Arrow Electronics in the total sum of $1,519,579.

This judgment shall accrue interest pursuant to 28 USC Section 1961(a) at 5.04% per annum.

Plaintiff's motion for attorney fees and legal costs may be separately filed and adjudicated, subsequent to which this judgment may be amended or otherwise updated accordingly. ~~The court also retains jurisdiction to entertain and rule upon a potential~~ ~~motion by plaintiff to augment, mold, or otherwise amend the judgment to "gross-up"~~ ~~the sum of damages so as to compensate plaintiff for adverse tax consequences.~~ *JVS 6.28.06*

Dated: _____6.28_____, 2006        _____

                              Judge James V. Selna

# EXHIBIT F

61

1  BONONI LAW GROUP, LLP
    Vincent Calderone, Esq. (State Bar No. 164672)
2  915 Wilshire Boulevard, Suite 1950
    Los Angeles, California 90017
3  Telephone:    (213) 553-9200
    Facsimile:    (213) 553-9215
4
    Attorneys for Plaintiff
5  Mark A. Crawford

6

7

8                                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                         FOR THE COUNTY OF LOS ANGELES

10

11  MARK A. CRAWFORD,                    )  CASE NO: BC417507
                                          )
12                          Plaintiff,    )  [Assigned For All Purposes To The Hon.
                                          )  David L. Minning; Dept. 61]
13      vs.                               )
                                          )  [~~PROPOSED~~] JUDGEMENT
14  DIRECTV, INC.,                        )
                                          )
15                          Defendant.    )
                                          )
16  _____      )

17

18

19

20

21

22

23

24

25

26

27

28



FILED
LOS ANGELES SUPERIOR COURT

SEP 29 2010

JOHN A CLARKE, CLERK

BY_____ DEPUTY  REC'D

SEP 22 2010

FILING WINDOW

DEPT. 61
SEP 27 2010
REC'D

1    The Arbitration Award dated June 25, 2010 executed by arbitrator Sherman W. Smith Jr.

2    (Ret.) is hereby CONFIRMED pursuant to C.C.P. § 1285 and C.C.P. § 1286 and Judgment is

3    entered according to it.

4    The Arbitration Award requires Defendant DIRECTV, Inc. to pay Plaintiff Mark

5    Crawford as follows: Plaintiff is awarded $149,234 in compensatory damages and $25,200 in

6    non-compensatory damages. Plaintiff is awarded attorneys' fees for the representation by the

7    Bononi Law Group in the amount of $159,762.50.  Plaintiff is awarded costs in the amount of

8    $11,123.30.  The total amount of the award is $345,319.80.

9    NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that

10   Judgment is entered in favor of Plaintiff Mark Crawford and against Defendant DIRECTV, Inc.

11   as follows: Defendant DIRECTV, Inc. shall pay Plaintiff Mark Crawford the sum of

12   $345,319.80 plus post award prejudgment interest at the annual rate of 10% from June 25, 2010

13   to September 16, 2010 in the amount of $ 7,851.80 [83 days x $94.60[1]] for the total sum of

14   **$ 353,171.60** and post judgment interest thereon at the rate of 10% per annum from the date of

15   entry of this judgment until paid in full.

16

17   Dated: **9- 29**      , 2010

18                                          Hon. David L. Minning
                                            Judge of the Superior Court

19

20

21

22

23

24

25

26

27

28

---

[1] $345,319.80 x 10% = $34,531.88 yearly interest
$34,531.98 / 365 = $94.60 daily rate

[PROPOSED] JUDGMENT

BONONI LAW GROUP, LLP

# EXHIBIT G

Case 2:22-cv-07425-WLH-MRW    Document 1    Filed 10/12/22    Page 70 of 74    Page ID #:70

Ponce v. Medical Eyeglass Center, Inc., Not Reported in Fed. Supp. (2015)

2015 WL 4554336
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Mayra PONCE

v.

MEDICAL EYEGLASS CENTER, INC., et al.

Case No. 2:15–CV–04035–CAS (JEMx)
|
Signed 07/27/2015

**Attorneys and Law Firms**

Brennan S Kahn, Jacob John Larsen, Todd H. Harrison, Perona Langer Beck Serbin and Mendoza, Long Beach, CA, for Mayra Ponce.

Craig Gerald Staub, Derrick Lam, Littler Mendelson PC, Los Angeles, CA, for Medical Eyeglass Center, Inc.

**Proceedings:** PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES COUNTY SUPERIOR COURT (Dkt. No. 10, filed June 15, 2015)

CHRISTINA A. SNYDER, Judge

**I. INTRODUCTION & BACKGROUND**

*1 On April 16, 2015, plaintiff Mayra Ponce filed this lawsuit in Los Angeles County Superior Court against her former employer, defendant Medical Eyeglass Center, Inc., and Does 1 through 10. Dkt. No. 1–3 ("Compl."). The complaint asserts claims for (1) pregnancy and sex discrimination in violation of California Government Code § 12940 et seq.; (2) failure to prevent discrimination and/or retaliation in violation of California Government Code §§ 12940(j) and (k); and (3) retaliation in violation of the California Fair Employment and Housing Act ("FEHA"). Id. In brief, plaintiff alleges that after she returned from approved pregnancy leave, she was shunned and criticized without cause, then wrongfully terminated on December 12, 2014. Id. ¶¶ 13–21.

Defendant removed this action to federal court on May 28, 2015, on the basis of diversity jurisdiction. Dkt. No. 1. On June 15, 2015, plaintiff filed the instant motion to remand on the ground that the jurisdictional minimum is not met. Dkt.

No. 10. Defendant filed an opposition on July 6, 2015, Dkt. No. 13, and plaintiff replied on July 16, 2015, Dkt. No. 14. On July 27, 2015, the Court held a hearing. Having considered the parties' arguments, the Court finds and concludes as follows.

**II. LEGAL STANDARD**

In order to establish removal jurisdiction over a diversity action pursuant to 28 U.S.C. § 1332, the removing defendant must demonstrate that (1) the amount in controversy exceeds $75,000, and (2) the suit is between citizens of different states. [1] As a general matter, removal jurisdiction is to be construed strictly, and any doubts as to removability should be resolved in favor of remanding the case to state court. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992).

The removing party bears the burden of showing that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir.1996). This sum is determined as of the date of removal. Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217–18 (3rd Cir.1999). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir.2010). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.' " Campbell v. Vitran Express, Inc., 471 Fed.Appx. 646, 648 (9th Cir.2012) (quoting Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D.Cal.2002)).

*2 The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S.Ct. 547, 554 (2014). Where the plaintiff contests the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 550.

Case 2:22-cv-07425-WLH-MRW    Document 1    Filed 10/12/22    Page 71 of 74    Page ID
#:71

Ponce v. Medical Eyeglass Center, Inc., Not Reported in Fed. Supp. (2015)

## III. DISCUSSION

Plaintiff contends that remand is required because defendant has failed to prove by a preponderance of the evidence that plaintiff's damages, as of the date of removal, exceed the jurisdictional minimum. Mot. Remand at 3. The Court addresses in turn each category of relief defendant contends should factor into the amount in controversy.

### A. Economic Damages

Plaintiff seeks compensation for "actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities in her field and damage to her professional reputation." Compl. ¶¶ 28, 36, 44. Plaintiff argues that since she has only been unemployed since December 12, 2014, and "typically earned $1,440 bi-weekly," Larsen Decl. ¶ 3, the only non-speculative economic damages defendant can show are approximately $18,720 in lost wages to date. Reply at 7. Defendant responds that the Court should take into account lost wages plaintiff could continue to accrue at the rate of $720 per week through trial in this case, which defendant estimates will not occur for at least another year. Opp'n at 6.

Although the Court declines defendant's invitation to extrapolate lost wages through a hypothetical future trial date,[2] that does not necessarily mean that the amount in controversy is not met; indeed, federal courts sitting in California have denied motions to remand discrimination claims where the amount of lost wages at the time of removal was of a similar magnitude, based on other types of relief sought. *See* *Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1032 (N.D.Cal.2002) ("Although the court declines to project future wage losses until a hypothetical trial date, it is nonetheless reasonable to expect these damages to exceed [lost wages from termination until removal of] $25,600."); *see also* *Vasquez v. Arvato Digital Services, LLC,* 2011 WL 2560261, at *34 (C.D. Cal. June 27, 2011) (amount in controversy met where plaintiff's lost wages at time of removal were roughly $25,000); *Chambers v. Penske Truck Leasing Corp.,* 2011 WL 1459155, at *3–4 (E.D.Cal. Apr. 15, 2011) (amount in controversy met where plaintiff's lost wages at time of removal were roughly $10,500). Accordingly, the Court concludes that plaintiff has placed a minimum of approximately $18,720 in controversy through her claims for economic damages, and considers the other types of relief she seeks.[3]

### B. Attorneys' Fees

**\*3** Attorneys' fees may be considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party. *See* *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir.1998). Here, plaintiff alleges claims under FEHA and requests attorneys' fees which she "has incurred and is expected to continue to incur." Compl. ¶¶ 30, 38, 46. Because attorneys' fees are recoverable by the prevailing party in a FEHA action, *Simmons,* 209 F.Supp.2d at 1034 (citing Cal. Gov't Code § 12965), they are properly considered part of the amount in controversy in this case.

The district courts of this circuit are split on whether the amount in controversy determination should only include those attorneys' fees incurred as of the time of removal, or may properly take into account fees likely to be incurred through the conclusion of the case. *Compare, e.g.,* *Simmons,* 209 F.Supp.2d at 1034–35 (holding that reasonably foreseeable post-removal fees should be considered), *with* *Reames v. AB Car Rental Servs., Inc.,* 899 F.Supp.2d 1012, 1018–19 (D.Or.2012) (noting split of authority and concluding that only fees incurred as of the date of removal should count). But this Court finds persuasive the *Simmons* court's reasoning on this issue: "The Ninth Circuit clearly considers attorneys' fees when assessing amount in controversy.... Such fees necessarily accrue until the action is resolved. Thus, the Ninth Circuit must have anticipated that district courts would [consider] the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." 209 F.Supp.2d at 1034–35 (internal citations omitted); *see also* *Sasso v. Noble Utah Long Beach, LLC,* 2015 WL 898468, at *5 (C.D.Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.' " (quoting *Theis Research, Inc. v. Brown & Bain,* 400 F.3d 659, 662 (9th Cir.2005)). Therefore, the Court agrees with defendant that a conservative estimate of attorneys' fees likely to be incurred through the conclusion of this case properly factors into the amount in controversy determination.[4]

*Ponce v. Medical Eyeglass Center, Inc., Not Reported in Fed.Supp. (2015)*

Defendant cites cases approving rates between $425 and $725 for Los Angeles area attorneys,[5] and offers what it terms the "conservative" estimate that plaintiff's attorneys' fees would reach $40,000 even if only 100 billable hours are spent on this case at a rate of $400 per hour. Defendant also cites reports of California verdicts in single-plaintiff pregnancy discrimination cases awarding attorneys' fees of $84,000 in 2008, $249,345 in 2002, and $160,050 in 1999.[6]

**\*4** Although future attorneys' fees cannot be calculated with precision, federal courts sitting in California have recognized that "attorneys' fees in individual discrimination cases often exceed the damages," *Simmons,* 209 F.Supp.2d at 1035, and have included modest fee estimates in jurisdictional minimum calculations. For example, another judge in this judicial district considering a motion to remand FEHA claims reasoned:

> This Court and others have held that a reasonable rate for employment cases is $300 per hour. [Citations.] Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours. [Citations.] Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in this case may reasonably be expected to equal at least $30,000 (100 hours × $300 per hour).

*Sasso,* 2015 WL 898468, at \*6; *see also Garcia v. ACE Cash Express, Inc.,* 2014 WL 2468344, at \*5 (C.D.Cal. May 30, 2014) (similar). Adopting the same conservative estimate in this case, the Court concludes that plaintiff's demand for attorneys' fees under FEHA adds at least $30,000 to the amount in controversy.

### C. Emotional Distress Damages

Plaintiff also seeks unspecified damages for emotional distress. Compl. ¶¶ 29, 37, 45. Emotional distress damages may be considered in determining the amount in controversy. *See Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980

(9th Cir.2005). A defendant need not conduct discovery to ascertain a plaintiff's potential emotional distress damages; it can instead introduce evidence of jury verdicts in other cases. *Cain v. Hartford Life & Accident Ins. Co.,* 890 F.Supp.2d 1246, 1250 (C.D.Cal.2012); *see also Kroske,* 432 F.3d at 980 (holding that a district court did not err in concluding that emotional distress damages added at least $25,000 to the amount in controversy based in part on "emotional distress damage awards in similar age discrimination cases in Washington").

Here, defendant has cited cases involving substantial awards for emotional distress in similar cases. *See, e.g., Swinton v. Potomac Corp.,* 270 F.3d 794, 799 (9th Cir.2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche,* 335 F.Supp.2d 1022, 1038–40 (N.D.Cal.2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence ... that the plaintiff suffered heightened mental anguish"). "Without deciding whether this case is sufficiently analogous to those cited by Defendant[ ], or quantifying the exact value of Plaintiff's claims for emotional distress ... the Court recognizes that emotional distress ... damages are more likely than not to be more than nominal." *Sasso,* 2015 WL 898468, at \*6.

### D. Punitive Damages

"It is well established that punitive damages are part of the amount in controversy in a civil action," where they are recoverable under one or more of the plaintiff's claims for relief. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir.2001). Plaintiff's action is brought pursuant to FEHA, under which punitive damages are available. Cal. Gov't Code § 12940. Additionally, plaintiff alleges that defendant's wrongful actions "were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff." Compl. ¶ 31, 39, 47. These allegations track the requirements for an award of punitive damages against an employer under California law. *See Cal. Civ.Code § 3294.* Accordingly, the Court considers punitive damages in determining the amount in controversy. Where

the plaintiff seeks punitive damages but does not specify a particular amount, the defendant "may introduce evidence of jury verdicts in cases involving analogous facts" in order to establish probable punitive damages. *Simmons,* 209 F.Supp.2d at 1033.

**\*5** In the instant case, defendant highlights jury verdicts with substantial punitive damages awards in pregnancy and sex discrimination cases. *See, e.g., Lopez v. Bimbo Bakeries USA, Inc.,* 2007 WL 1765192 (Cal.Super.Ct.2007) (awarding $2,340,700 in compensatory and punitive damages on a pregnancy discrimination case, where plaintiff sought to recover $267,000 in lost wages plus unspecified emotional and punitive damages); *Hogan v. Archdiocese of Los Angeles,* 2001 WL 803303 (Cal.Super.Ct.2001) (awarding $200,000 in punitive damages and $35,000 in economic damages on a pregnancy discrimination cause of action). Federal courts have also recognized that employment discrimination cases often result in sizable punitive damages awards relative to the amount of lost wages claimed. *See Simmons,* 209 F.Supp.2d at 1033 (citing employment cases resulting in jury verdicts with substantial punitive damage awards ranging from $60,000 to $40,000,000, and noting that "[t]he fact that the cited cases involve distinguishable facts is not dispositive"); *see also Chambers,* 2011 WL 1459155, at \*3–4 (concluding that jury verdicts including punitive damages awards of greater than $75,000 were "sufficiently analogous" because they "involve[d] wrongful termination matters following health-related or injury-related absences, requests for reduced hours, or similar accommodation requests"). As with emotional damages, the Court concludes that defendant has shown that a significant punitive damages award is likely if plaintiff succeeds in proving the allegations of her complaint. *See Sasso,* 2015 WL 898468, at \*6.

### III. CONCLUSION

Although plaintiff is correct that defendant has not established the amount in controversy with certainty, that is not required. Solely looking to plaintiff's admitted economic damages of $18,720 and the conservative estimate of $30,000 in attorneys' fees, the amount in controversy is at least $48,720. And taking the allegations of the complaint as true, the Court concludes that defendant has met its burden of showing that it is more likely than not that emotional distress and punitive damages add more than $26,280 to the amount at stake. *See Simmons,* 209 F.Supp.2d at 1035 (finding the jurisdictional minimum "clearly satisfied" based on wage losses of $25,600 and the "alleged compensatory, punitive, emotional distress damages"). For these reasons, plaintiff's motion to remand is **DENIED**.

IT IS SO ORDERED.

### All Citations

Not Reported in Fed. Supp., 2015 WL 4554336

---

### Footnotes

1       Defendant asserts that plaintiff is a citizen of California and defendant is a citizen of Delaware and New Jersey, Notice of Removal ¶ 13, and plaintiff does not contest complete diversity of citizenship. Accordingly, the Court addresses below only the amount in controversy requirement.

2       *See Sasso,* 2015 WL 898468, at \*4 (C.D.Cal. Mar. 3, 2015) (concluding that the "weight of authority" precluded courts from projecting lost wages through an expected trial date). *But see Garcia v. ACE Cash Express, Inc.,* 2014 WL 2468344, at \*4 (C.D.Cal. May 30, 2014) (accepting calculations for "wages for the estimated time between removal and trial").

3       The Court declines to consider evidence that plaintiff refused to stipulate to limit her damages to less than $75,000 as establishing the amount in controversy. *See Sasso,* 2015 WL 898468, at \*5 (acknowledging

**Ponce v. Medical Eyeglass Center, Inc., Not Reported in Fed. Supp. (2015)**

that some courts had found a refusal to stipulate to be significant evidence of the true amount of damages, but finding more persuasive other courts' refusals to do so).

4    The Court also notes that in *Guglielmino v. McKee Foods Corp.,* the Ninth Circuit approved a district court's calculation of the amount in controversy, including a " 'conservative' estimate" of attorneys' fees in the amount of 12.5% of the estimated economic damages. 506 F.3d 696, 698, 701 (9th Cir.2007). Such a percentage-of-recovery estimate would make little sense if the only cognizable attorneys' fees are those incurred prior to removal. But the *Guglielmino* court did not directly address that issue.

5    *See Xue Lu v. United States,* 2014 WL 2468826, at *6–8 (C.D.Cal. May 23, 2014); *Contreras v. City of Los Angeles,* 2013 WL 1296763, at *3 (C.D.Cal. Mar. 28, 2013); *Arroya v. Svela,* 2012 WL 3308427, at *2 (C.D.Cal. Aug. 13, 2012).

6    *See Jiminez v. Too Fast, Inc.,* 2008 WL 5999662 (Cal.Super.Ct.2008); *Akers v. County of San Diego,* 95 Cal.App. 4th 1441, 1445 (2002); *Jalomo v. HRO Sys., Inc.,* 1999 WL 1069181 (Cal.Super.Ct.1999).

---

**End of Document**                              © 2022 Thomson Reuters. No claim to original U.S. Government Works.

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.