UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 22-7425-MWF (MRWx)    **Date:**  March 30, 2023
**Title:**     Vanessa Johnson v. Wal-Mart Associates, Inc. et al

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE [19]

Before the Court is Plaintiff Vanessa Johnson's Motion to Remand Case (the "Motion"), filed on March 2, 2023.  (Docket No. 19).  Defendant Wal-Mart Associates, Inc. filed an Opposition on March 13, 2023.  (Docket No. 23).  Plaintiff filed a Reply on March 20, 2023.  (Docket No. 24).

The Motion was noticed to be heard on April 3, 2023.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**.  Defendant has met its burden in establishing diversity jurisdiction.

The unopposed RJNs are **GRANTED** as they ask the Court to consider documents that are properly subject to judicial notice, such as judicial filings from other actions.

## I.    BACKGROUND

On September 9, 2022, Plaintiff filed a Complaint in the Los Angeles Superior Court.  (Notice of Removal ("NOR"), Ex. A (Complaint) (Docket No. 1)).  The Complaint alleges Plaintiff was discriminated and retaliated against on the basis of disability in violation of the California Family Rights Act ("CFRA") and the Fair

---

**CIVIL MINUTES—GENERAL**                                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-7425-MWF (MRWx)          **Date:** March 30, 2023
**Title:**      Vanessa Johnson v. Wal-Mart Associates, Inc. et al

Employment and Housing Act ("FEHA"), and that she was wrongfully terminated in violation of public policy (*Id.*) The Complaint therefore seeks monetary damages and attorney's fees. (*Id.*). After filing an answer in the Superior Court, Defendant filed its NOR on October 12, 2022, based on diversity jurisdiction. (NOR ¶ 9). Plaintiff filed this Motion about five months later on March 2. (Motion (Docket No. 19)).

## II. LEGAL STANDARD

In general, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). To remove a case to federal court, the defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

### A. Amount in Controversy

The defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[.]" *Dart Cherokee Basin Operating Sys. Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). In the absence of an amount in controversy alleged in a complaint, "a defendant's amount in controversy allegation is normally accepted . . . unless it is 'contested by the plaintiff or questioned by the court.'" *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (quoting *Dart Cherokee*, 574 U.S. at 87). "When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-7425-MWF (MRWx)          **Date:** March 30, 2023
**Title:**      Vanessa Johnson v. Wal-Mart Associates, Inc. et al

preponderance of the evidence, whether the amount in controversy requirement has been satisfied.'" *Jauregui*, 28 F.4th at 992 (quoting *Dart Cherokee*, 574 U.S. at 88).

"[T]he removing party must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional threshold, "'as long as the reasoning and underlying assumptions are reasonable." *Jauregui*, 28 F.4th at 993 (quoting *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)). Assumptions must have "some reasonable ground underlying them," and "may be reasonable if [they are] founded on the allegations of the complaint. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (citations and internal quotation marks omitted).

The amount in controversy is "not a prospective assessment of [a] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Rather, it is the "amount at stake in the underlying litigation." *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (internal citation omitted). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias*, 936 F.3d at 927 (internal citation omitted).

### B.    Facial vs. Factual Jurisdictional Challenge

After a removing defendant alleges that the amount in controversy requirement is met, "the plaintiff can contest the amount in controversy by making either a 'facial' or a 'factual' attack on the defendant's jurisdictional allegations." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (citing *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020)). "A 'facial' attack accepts the truth of the [defendant's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Salter*, 974 F.3d at 964 (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). In evaluating a facial attack, "the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-7425-MWF (MRWx)                    Date:  March 30, 2023
Title:      Vanessa Johnson v. Wal-Mart Associates, Inc. et al

'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" *Salter*, 974 F.3d at 964 (quoting *Leite*, 749 F.3d at 1121).

In contrast, "[a] factual attack 'contests the truth of the ... allegations' themselves." *Harris*, 980 F.3d at 699 (alteration in original) (internal citation omitted). Here, "the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. *Id*. (citing *Ibarra*, 775 F.3d at 1197). Although a plaintiff may rely on evidence to mount a factual attack, "[a] factual attack . . . need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Harris*, 980 F.3d at 700. Conversely, where a plaintiff "d[oes] not challenge the rationality, or the factual basis, of [a defendant's] assertions" and "argue[s] only that [defendant] must support its assertion with competent proof," that challenge is a "facial attack, rather than a factual attack." *See Salter*, 974 F.3d at 964.

The import of the Ninth Circuit's holdings in *Salter* and *Harris* is that "[o]nly after a factual attack does the burden fall upon Defendant to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold." *Fierro v. Cap. One, N.A*., No. CV 22-00493-BAS-BLM, 2022 WL 17486364, at *5 (S.D. Cal. Dec. 6, 2022) (citing *Harris*, 980 F.3d at 700)).

### III.  DISCUSSION

#### A.  Timeliness and Waiver Arguments

First, the Court notes that the Motion, which was filed 141 days after removal, is not untimely with respect to the subject-matter jurisdiction challenge. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect **other than lack of subject matter jurisdiction** must be made within 30 days after the filing of the notice of removal under section 1446(a)") (emphasis added). The phrase "other than" works to exclude motions to remand on the basis of subject-matter jurisdiction from the thirty-day time limit. "This is because subject-matter jurisdiction 'can never be forfeited or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 22-7425-MWF (MRWx)**                     **Date:  March 30, 2023**
**Title:**     Vanessa Johnson v. Wal-Mart Associates, Inc. et al

waived' and federal courts have a continuing 'independent obligation to determine whether subject-matter jurisdiction exists.'" *Firley v. Walmart Inc.*, No. CV 22-01669-CDS-VCF, 2023 WL 35200, at *2 (D. Nev. Jan. 4, 2023) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Defendant attempts to argue that Plaintiff's jurisdictional challenge is really a procedural attack because it takes issue with the ***sufficiency*** of the allegations in the NOR, but does not substantively challenge the actual amount in controversy. (Opposition at 7).

The Court disagrees.  While a motion to remand based solely on a defendant's failure to meet its burden of proof in the NOR would be without merit based on *Salter*, such a challenge would still nonetheless be a facial ***jurisdictional*** challenge as explained in *Salter*, 974 F.3d at 961, 964 (explicitly characterizing a challenge to jurisdiction based solely on insufficient proof as a "facial attack" on jurisdiction despite the fact that such a challenge is based on the "form, not the substance" of a defendant's jurisdictional showing).  Moreover, the Court disagrees that the Motion is solely based on Defendant's lack of proof.  At least some of Plaintiff's arguments challenge certain assumptions Defendant has relied on in calculating the amount in controversy.  Such challenges are properly characterized as a factual jurisdictional attacks.  *See Harris*, 980 F.3d at 700 (noting that a factual jurisdictional attack "need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence").

Accordingly, the Motion is based on this Court's lacking subject-matter jurisdiction and a motion to remand on such a basis is always timely.  *Firley*, 2023 WL 35200, at *2.

Likewise, the Court rejects Defendant's waiver argument because a party cannot through waiver create subject-matter jurisdiction.  *See Andrisani v. Mojave Pipeline Co.*, 988 F.2d 117 (9th Cir. 1993) ("It is the traditional rule that the parties cannot by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 22-7425-MWF (MRWx) | Date:  March 30, 2023 |
| Title:       Vanessa Johnson v. Wal-Mart Associates, Inc. et al | |

consent, waiver or estoppel obtain federal subject matter jurisdiction." (quoting *Sullivan v. First Affiliated Secs., Inc.*, 813 F.2d 1368, 1374 (9th Cir. 1987).

Accordingly, the Motion will not be denied based on Defendant's timeliness or waiver arguments.

### B.    Amount in Controversy

As Plaintiff acknowledges, the Complaint does not specify a particular amount of damages sought.   The Complaint does specify, however, that Plaintiff seeks a monetary award with respect to each of the following categories of damages: (i) past and future economic damages; (ii) past and future emotional distress damages; (iii) punitive damages; and (iv) attorney's fees.  (Motion at 4) (citing Complaint, Prayer for Relief ¶¶ 1-5).  For purposes of calculating the amount in controversy, it is appropriate to total the amounts that have been shown as to each of these categories.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Plaintiff challenges Defendant's calculations for each category of damages.

As an initial matter, the Court notes that Plaintiff relies on many outdated cases.  Given the Supreme Court in *Dart* clarified the burdens associated with a notice of removal and motion to remand in terms of alleging and ultimately proving that the amount-in-controversy requirement of § 1332 is met, and the Ninth Circuit has further refined those burdens and requirements in several cases since *Dart*, any precedent that fails to take those legal developments into account does not necessarily remain good law.  It is true that *Dart* and the Ninth Circuit opinions interpreting *Dart* involve cases removed under the Class Action Fairness Act of 2005 ("CAFA") (provided for under § 1332(d)(1)), rather than non-class action diversity cases brought under § 1332(a).  However, because *Dart's* holding was premised on an interpretation of § 1446(a) (the general provision allowing defendants to file notices of removal) and § 1446(c)(2)(A)-(B) (the provisions providing the requirements for removal based on diversity of citizenship conferred by § 1332), there is no reason to believe that the burdens set forth in *Dart* and the cases that have followed are limited to CAFA removals.  Several other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-7425-MWF (MRWx)          **Date:** March 30, 2023
**Title:**     Vanessa Johnson v. Wal-Mart Associates, Inc. et al

district courts have assumed as much without discussion. *See, e.g., Fierro*, 2022 WL 17486364, at *3 (relying on *Dart* and *Salter* to discuss the burdens of proof on a motion to remand in a non-CAFA case); *see Jackson v. Compass Grp. USA, Inc.*, No. CV 19-4678-PSG (GJSx), 2019 WL 3493991, at *3 (C.D. Cal. July 31, 2019) (citing *Dart* as the appropriate legal standard for determining the amount in controversy on a motion to remand in a non-CAFA case); *Angelica Cuevas v. Lowes Home Centers*, LLC, No. CV 20-2755 PSG (KSx), 2020 WL 6439174, at *4 (C.D. Cal. Aug. 5, 2020) (same).

Accordingly, the Court relies on the legal standards that stem from *Dart* as detailed above.

***Economic Damages:*** In the NOR, Defendant used Plaintiff's average annual earnings in her final two years of employment ($19,774.485) as her rate of pay and multiplied that number by 4 years (2021, 2022, 2023, and 2024), to conclude that Plaintiff's "alleged wage loss would amount to approximately $79,097.92, in total." (NOR ¶ 16). The years included in Defendant's calculation were chosen because the Complaint alleged that Plaintiff's last day of work with Defendant was on December 31, 2020, and Defendant assumed trial would be set sometime in or after 2024. (*Id.*).

In the Opposition, Defendant amends its calculations to more precisely predict the amount of time over which it may be liable for lost wages. Specifically, Defendant accounts for an apparent error identified by Plaintiff in the Motion (the inclusion of the year 2021 in the calculation for lost wages), noting that although Plaintiff's last day of work was allegedly December 31, 2020, her date of termination was April 1, 2022. Accordingly, Defendant uses April 1, 2022, as the date on which alleged lost wages began to accrue. (Opposition at 13). Defendant also changes the end date of its calculations, indicating that damages will stop accruing by January 2024, based on the trial date that has been set in this action. (*See* Order re: Jury Trial (Docket No. 16)).

Additionally, rather than using the average $19,774.485 per year salary identified in the NOR as Plaintiff's rate of pay, Defendant notes that in Plaintiff's Initial Disclosures (served in this action), she claims that she seeks "approximately $2,560.00 per month [in back pay] from April 2022 to the present." (Declaration of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-7425-MWF (MRWx)          **Date:** March 30, 2023
**Title:**     Vanessa Johnson v. Wal-Mart Associates, Inc. et al

Jason C. Ross ("Ross Decl."), ¶ 4, Ex. 2 (Plaintiff's Initial Disclosures) at 3). Therefore, Defendant uses $2,560.00 as the monthly amount in its Opposition calculations since that is "what Plaintiff is claiming in the case." (Opposition at 13).

In the Opposition, Defendant multiples $2,560.00 by 21 months, accounting for 11 months of "back pay" that have already passed between Plaintiff's date of termination (April 1, 2022) to roughly the date the Motion was filed (March 1, 2023), in addition to the 10 months of "front pay" between the date of the Motion (March 1, 2023) to roughly the date on which the trial is set to begin in this action (January 1, 2024). The Court notes that trial is actually set for January 16, 2024, so Defendant gives Plaintiff the benefit of the doubt in not adding two additional weeks to its lost wages calculations. (*See* Order re: Jury Trial).

Accordingly, Defendant argues that Plaintiff's claim for damages in the form of lost wages is at least $53,670.00 ($2,560.00 x 21).

Plaintiff challenges these calculations on the following three grounds: (1) the calculations improperly include the year 2021 prior to her termination date; (2) the calculations improperly include damages accrued after removal; and (3) the calculations fail to account for Plaintiff's duty to mitigate damages.

As for the first challenge, although Plaintiff continues to make the argument in the Reply, it is clear that Defendant addressed the error in its Opposition and its calculations no longer include wages for the year 2021. Rather, Defendant's calculations now assume that Plaintiff's lost wages began to accrue on April 1, 2022, the date of Plaintiff's termination, which Plaintiff herself contends is the correct starting point.

As for the second challenge, that damages should only be calculated from the period between her termination (April 1, 2022) to the date of removal (October 12, 2022), Plaintiff is wrong on the law.

In the Reply, Plaintiff entirely fails to respond to the contrary binding Ninth Circuit precedent cited by Defendant. In *Chavez v. JPMorgan Chase & Co.*, 888 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-7425-MWF (MRWx)          Date: March 30, 2023
Title:      Vanessa Johnson v. Wal-Mart Associates, Inc. et al

413, 414–15 (9th Cir. 2018), the Ninth Circuit unambiguously held that "the amount in controversy is ***not limited to damages incurred prior to removal***—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)." (emphasis added). The Ninth Circuit explained that "[i]f a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Id.* at 417.

      Here, the Complaint alleges, and Plaintiff concedes in her Motion and Initial Disclosures, that Plaintiff seeks to recoup future wages. (Complaint ¶ 61) (alleging with respect to the FEHA claim that she "has suffered and continues to suffer losses in earnings and other benefits and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished."). And Plaintiff is clearly entitled to future loss of earnings under FEHA if she prevails. *See Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413, 69 Cal. Rptr. 3d 1 (2007) ("Under FEHA, an employee . . . may be compensated for a future loss of earnings.").

      All cases Plaintiff cites that reach a contrary conclusion (*see* Motion at 5) are not only nonbinding but were decided prior to *Chavez* and are therefore unpersuasive.

      Accordingly, the Court rejects Plaintiff's contention that Defendant improperly includes in its calculation for lost wages those wages which have and will accrue after removal.

      Plaintiff's third challenge, that Defendant failed to account for Plaintiff's duty to mitigate her damages, also fails to account for contrary Ninth Circuit precedent.

      In support of her assertion that the Court must consider Plaintiff's duty to mitigate, Plaintiff cites a district court's findings of fact and conclusions of law following a bench trial in a medical malpractice suit (see *Brewington v. United States*, No. CV 13-07672-DMG (CWx) 2015 WL 4511296 *7 (C.D. Cal July 24, 2015), and a California Court of Appeal opinion regarding a defendant's request for a remittitur

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-7425-MWF (MRWx)          **Date:** March 30, 2023
**Title:**     Vanessa Johnson v. Wal-Mart Associates, Inc. et al

following a jury trial based on the plaintiff's failure to mitigate in a property dispute (see *Shaffer v. Debbas*, 17 Cal.App.4th 33, 41, (1993)). (Opposition at 4). Clearly, these cases say nothing about what a federal district court may consider in calculating the amount in controversy for purposes of a motion to remand.

But Ninth Circuit precedent establishes that, in the context of a motion to remand, courts may ***not*** consider affirmative defenses to lower the amount in controversy. The Ninth Circuit has reasoned that because the amount in controversy represents only the "amount at stake in the underlying litigation, not the likely liability . . . just because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (internal citations and alterations omitted) (concluding that the district court erred in factoring in statute of limitations defense into calculations for amount in controversy); *Perez v. Alta-Dena Certified Dairy, LLC*, 647 F. App'x 682, 684 (9th Cir. 2016) (holding the district court did not err in refusing to consider statute of limitations in determining amount in controversy); *see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("As the Supreme Court has explained, 'the fact that the complaint discloses the existence of a valid defense to the claim' does not eliminate federal jurisdiction, nor do events 'occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit.'") (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 928 (9th Cir. 2019) (noting that a defendant's potential res judicata defense was irrelevant to determining the amount at stake because the argument "conflat[ed] the amount in controversy with the amount of damages ultimately recoverable.").

Although none of the Ninth Circuit cases on the issue appears to have concerned the specific defense of mitigation in the context of a wrongful termination action, this Court fails to see any meaningful distinction between a mitigation defense and a statute-of-limitations defense for purposes of calculating the amount in controversy. Other district courts agree. *See, e.g.*, *Leon-Calderon v. Old Dominion Freight Line, Inc.*, No. CV 22-08930-MCS (KSx), 2023 WL 1931328, at *3 (C.D. Cal. Feb. 10,

---

**CIVIL MINUTES—GENERAL**            10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-7425-MWF (MRWx)          **Date:** March 30, 2023
**Title:**     Vanessa Johnson v. Wal-Mart Associates, Inc. et al

2023) (noting, based on the above-referenced Ninth Circuit cases, that "[t]he [c]ourt finds more persuasive the line of authority declining to consider mitigation in evaluating the amount in controversy for lost wages."); *Jackson*, 2019 WL 3493991, at *4 (C.D. Cal. July 31, 2019) ("[M]itigation of damages is an affirmative defense, and a potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction.") (internal citations omitted); *Garfias v. Team Indus. Servs., Inc.*, No. LA CV 17-04282-JAK (AGRx), 2017 WL 4512444, at *4 (C.D. Cal. Oct. 10, 2017) (same).

       Moreover, Plaintiff only asserted that she obtained a new part-time job for the first time in the Reply. Given Plaintiff made the mitigation argument in the Motion, this fact should have been raised in the initial brief. And Plaintiff does not even assert when the new job was obtained. Indeed, the bald assertion that Plaintiff has obtained a new job is unaccompanied by any declaration or evidence whatsoever. Without knowing when Plaintiff started this new job, the Court could not factor in the wages Plaintiff is obtaining from that job even if it were a proper consideration on a motion to remand (which it is not). *See Jackson*, 2019 WL 3493991, at *4 ("As the Supreme Court explained in *Dart []*, when the defendant's allegation regarding the amount in controversy is questioned, "***both sides***" must "submit proof," . . . [a] plaintiff's unexplained estimate of her lost income has no probative value; the [c]ourt cannot simply credit her say-so.") (citing *Dart*, 574 U. S. at 82) (emphasis added by *Jackson* court).

       Finally, in the Reply, Plaintiff suggests that her rate should be calculated as $17 per hour based on 35 hours per week (as opposed to $2,560.00 per month). However, this assertion is not supported by any evidence or even a declaration by Plaintiff. Plaintiff also fails to explain why those numbers should be used as opposed to the $2,560.00 she has claimed to be seeking in her Initial Disclosures. Therefore, Plaintiff has not established that the assumption underlying Defendant's calculation as to her monthly wages is unreasonable or unsupported.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-7425-MWF (MRWx)         **Date:** March 30, 2023
**Title:**     Vanessa Johnson v. Wal-Mart Associates, Inc. et al

      Accordingly, the Court concludes that Defendant has met its burden in demonstrating that $53,670.00 in economic damages are at stake in this litigation based on lost wages.

      ***Emotional Damages:*** Defendant contends that in the Complaint, Plaintiff seeks damages for emotional distress, explicitly noting that the emotional distress damages themselves are "in an amount in excess of this court's minimal jurisdiction." (Opposition at 15) (citing Compl. ¶¶ 27, 39, 51, 62, 72, 83, 95, 107, 119)). In unlimited civil cases in California state court, the "minimal jurisdiction" amount is an amount in excess of $25,000.00. Cal. Code Civ. Proc § 88. Therefore, Defendant argues that Plaintiff has conceded to emotional distress damages in excess of $25,000.00. Defendant also cites to and analogizes to cases in which emotional distress damages ranged from $90,000.00 to $1,357,749.00. As such, Defendant contends that the emotional distress damages at stake in this action are at least $90,000.00 to $125,000.00. (Opposition at 17).

      In the Reply, Plaintiff contends that "[e]ven if Plaintiff is alleging pain and suffering in an amount in excess of the [state c]ourt's minimum jurisdictional threshold, Defendant has not met its evidentiary burden and has failed to introduce evidence of jury verdicts from cases with analogous facts." (Reply at 12). In other words, Plaintiff does not challenge the truth of Defendant's allegation that in the Complaint Plaintiff alleges pain and suffering in an amount in excess of $25,000.00; rather, Plaintiff merely argues that Defendant has failed to introduce sufficient evidence. However, under *Salter*, that type of challenge is an improper ***facial*** attack. Defendant need only respond to a ***factual*** challenge (i.e., one that challenges the truth, assumptions, or reasoning of the underlying allegation) with component proof. *See Fierro*, 2022 WL 17486364, at *5 ("Only after a factual attack does the burden fall upon [the d]efendant to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.").

      Therefore, at least $25,000.01 is in dispute for emotional distress damages based on Plaintiff's allegation in the Complaint. As such, the amount in controversy is already over the $75,000.00 threshold when just considering the emotional distress

---

**CIVIL MINUTES—GENERAL**              12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-7425-MWF (MRWx)            **Date:** March 30, 2023
**Title:** Vanessa Johnson v. Wal-Mart Associates, Inc. et al

damages coupled with the economic damages ($53,670.00). Therefore, the Court need not even consider whether the cases Defendant cites are sufficiently analogous to suggest the possibility of a much higher emotional distress damages award.

*Punitive Damages*: Moreover, for good measure, the Court notes that Defendant has further demonstrated that Plaintiff's request for punitive damages pushes the amount in controversy well over the threshold. Defendant has cited several wrongful termination actions brought under the same statutes as Plaintiff's claims, where other district courts have concluded that using a 1:1 ratio between punitive and compensatory damages provides a reasonable, if not "conservative," estimate for assessing punitive damages for purposes of calculating the amount in controversy. (Opposition at 19-20) (collecting cases).

Again, Plaintiff's argument in response is merely a facial attack based on Defendant's failure to provide sufficient proof that punitive damages are possible. But, by pointing to similar cases implicating similar statutes that have used the 1:1 ratio, Defendant has "relied on a reasonable chain of logic to assume that a similar amount [i]s at stake here," which is sufficient to satisfy its burden. *See Greene*, 965 F.3d at 773 (holding that the district court erred by requiring the defendant to do more than "cite a prior case showing that [] a punitive damages ratio [of 1:1] is possible" and by "requiring [the defendant] to show similarities to other cases, the district court improperly asked [the defendant] to show the likelihood of the plaintiff prevailing on the punitive damages claim, rather than merely establishing the potential amount 'at stake.'") (internal citation omitted).

Therefore, the Court accepts Defendant's contention that $53,670.00 (the same amount as the potential compensatory damages), is at stake with respect to punitive damages. Considering the lost wages, emotional distress damages, and punitive damages, Defendant has established that the amount in controversy is well over $75,000.00 without even including the attorney's fees sought by Plaintiff.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.